## McDonald v. University of Kentucky.

(Decided June 22, 1928.)

### Appeal from Fayette Circuit Court.

1. Constitutional Law.—Though courts have power to declare act unconstitutional, it will not be exercised except on clear and satisfactory grounds, and, when validity of act is challenged, inquiry is limited to question as to what provision of Constitution act violates.

2. Statutes.—Act June 13, 1928, providing method of financing erection of new buildings by educational institutions of state, held not unconstitutional as violating Constitution, sec. 51, which provides in part that no law shall relate to more than one subject and that shall be expressed in title, notwithstanding that title in giving subject matter of act may have gone more into detail than necessary.

3. States.—Act June 13, 1928, providing method of financing erection of new buildings by educational institutions of state, held not unconstitutional as violating Constitution, sec. 157, providing that no municipality shall be permitted to become indebted to amount exceeding in any year revenue provided for such year without assent of two-thirds of voters.

4. States.—Subject to limitations prescribed by Constitution, Legislature has complete control of any property belonging to any of institutions of state.

RICHARD J. COLBERT for appellant.

J. W. CAMMACK, Attorney General, GEORGE H. MITCHELL, Assistant Attorney General, and JOHNSTON & YANCEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

At its 1928 session, the General Assembly passed the following act:

"An act relating to public education; and providing for the conveyance of sites on the campus or other real estate now held or hereafter acquired by the University of Kentucky, any of the state

normal schools and teachers' colleges and other
state educational institutions, or now held or
hereafter acquired by the commonwealth of Ken-
tucky for the use of any of said institutions, for
buildings to be used in connection with such in-
stitutions; providing for the erection of build-
ings thereon; providing for the leasing of such
site and buildings to such institutions at a rental
which will amortize the cost of the erection of
such buildings; and providing for the reacquisi-
tion of the title thereto by such institution.

"Be it enacted by the General Assembly of the
commonwealth of Kentucky:

"1.    That for the purpose of providing build-
ings to be used in connection with the University of
Kentucky, or any of the state normal schools and
teachers' colleges, or other state educational insti-
tutions, the board of trustees of said University or
the board of regents of any of said state normal
schools and teachers' colleges or governing body of
such other state educational institutions, are hereby
authorized and empowered to convey a fee-simple
title, with covenant of general warranty of title, to a
site for any such building on the campus or other
real estate now held or hereafter acquired by said
university or such state normal schools and teachers'
colleges, or other state educational institutions, or
now held or hereafter acquired by the commonwealth
of Kentucky for the use or benefit of said university
or such state normal schools and teachers' colleges,
or other state educational institutions, to any person
or corporation complying with the provisions of sec-
tions 2 and 3 of this act.

"2.    Every person or corporation to whom a
building site for building has been conveyed, as pro-
vided for by section 1 of this act, shall immediately
enter into a contract or contracts in writing with
some person or persons, corporation or corporations
approved by the board of trustees of said university
or the board of regents of such state normal schools
and teachers' colleges or governing body of such
other state educational institutions, for the imme-
diate erection on said site of building, with the nec-
essary appurtenances, according to plans and speci-
fications to be approved by the board of trustees of

said university or the board of regents of such state normal school and teachers' college, or governing body of such other state educational institutions. Said contract shall provide the time when said buildings shall be completed, and the contractor or contractors shall enter into bond with the commonwealth of Kentucky for the benefit of said university, state normal school and teachers' college or other state educational institution in the penal sum of not less than twenty-five per cent. (25%) of the contract price for the completion of the work in the manner and within the time set out in the contract.

"3. Immediately upon the execution of the contract provided for by section 2 of this act, the person or corporation to whom such site has been conveyed shall immediately execute, acknowledge and deliver to the board of trustees of said university or the board of regents of such state normal school and teachers' college, or governing body of such other state educational institution, a lease, leasing the said site, together with the building to be erected thereon, for a term of one year from the time said building shall be completed and ready for occupancy, with the right and option in such lessee to extend the term of said lease for a term of one year from the expiration of the original term of said lease and for one year from the expiration of each extended term of said lease, until the original term of said lease shall have been extended for a total number of years to be agreed upon by the parties thereto, at a rental which, if paid for the original term and for each of the full number of years for which the term of said lease may be extended, will amortize the total cost of the erection of the said building and appurtenances, which rental shall be paid at such times as the parties to said lease may agree upon. Said lease shall further provide that the lessee shall have the right and option at the expiration of the original or any extended term thereof, to purchase said leased premises at a price which shall be stated therein, and which shall be the balance of the total cost of the erection of said buildings and appurtenances not amortized by the payment of rent theretofore made by the lessee, the same to be paid at such times as the parties to said lease may agree; and

shall contain a further provision that in the event of the exercise of said option to purchase said leased premises or in the event said lease shall have been extended for the full number of years which it is agreed the same may be extended, and all rents and payments provided for in said lease have been made, the .lessor shall thereupon convey said premises to the lessee in fee simple with covenant of general warranty of title. Said lease may provide that the lessee shall, as additional rent for said leased premises, pay all taxes assessed against leased premises, and the cost of insuring the buildings erected thereon against loss or damage by fire and windstorm in such sum as may be agreed by the parties thereto.''

The act was approved by the Governor, and became a law on June 13, 1928.

The board of trustees of the University of Kentucky is preparing to convey to the Security Trust Company, a corporation of Lexington, Ky., upon the terms and conditions prescribed by the above act, a fee-simple title to two sites on the university campus for the purpose of erecting on each a dormitory for male students.

This proceeding was brought under the Declaratory Judgment Act (Laws 1922, c. 83) against the University of Kentucky by E. L. McDonald, a citizen and taxpayer of the city of Lexington, suing for himself and all other citizens and taxpayers of the commonwealth, for the purpose of testing the validity of the act, and obtaining an adjudication of the rights of the parties thereunder. The regular judge of the Fayette circuit court being disqualified, Hon. William H. Townsend was agreed on by the parties as special judge. On final hearing, the court upheld the validity of the act, and plaintiff appeals.

Though the courts. have the undoubted power to declare an act unconstitutional, sound policy and respect for the wisdom of a co-ordinate department of the government forbid its exercise except upon clear and satisfactory grounds. Therefore, when the validity of an act is challenged in the courts, the inquiry is limited to the question, what provision of the Constitution does it violate? Commonwealth v. Goldburg, 167 Ky. 96, 180 S. W. 68; Craig v. O'Rear, 199 Ky. 553, 251 S. W. 828; Potter v. Dark Tobacco Growers' Co-operative Association, 201 Ky. 441, 257 S. W. 33. With these principles in

mind, let us examine the grounds on which the statute is assailed.

The first ground is that the act violates section 51 of the Constitution, which provides in part that no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title. It may be that the title in giving the subject-matter of the act goes more into detail than is necessary, but that does not make the act unconstitutional. Carman v. Hickman county, 185 Ky. 630, 215 S. W. 408. An examination of the body of the act will show that it contains no matter foreign to the title. On the contrary, all of its provisions are naturally related to, and reasonably connected with, the subject expressed in the title, and constitute appropriate legislation under the title. It follows that the act does not violate section 51 of the Constitution. Collins v. Henderson, 11 Bush, 74; Commonwealth v. Starr, 160 Ky. 260, 169 S. W. 743.

Another contention is that the act violates section 157 of the Constitution, providing that:

"No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose."

It will be observed that the limitation is on the power of a county, city, town, taxing district, or other municipality. In our opinion the provision deals only with those self-governing political subdivisions of the state possessing the power to raise revenue by taxation, and with respect to whose limit of indebtedness the voters in some instances have a voice, and does not apply to state institutions that must look alone to the state for their support. Moreover, neither the act, nor any contract that may be made pursuant thereto, will impose upon the University of Kentucky an indebtedness that must be met at all hazards. Though it will be to the advantage of the University to renew the lease from year to year, and finally to repurchase the property, and doubtless this will be done, yet whether it will be done or not is entirely optional with the board of trustees. In Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498, we

upheld a similar plan by which the Georgetown board of education proposed to finance the erection of a new school building in the city of Georgetown. Subject to the limitations prescribed by the Constitution, the Legislature has complete control of any property belonging to any of the institutions of the state. There is no provision of that instrument that forbids the Legislature from adopting any reasonable and common sense method of financing the erection of new buildings by any of the educational institutions of the state.

Being unable to find any provision of the Constitution with which it conflicts, it follows that the trial court did not err in adjudging the act to be valid.

Judgment affirmed.