## Kirkpatrick v. City Board of Education of Russellville et al.

(Decided June 17, 1930.)

G. SAMUEL MILAM for appellant.

SELDEN Y. TRIMBLE and COLEMAN TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is a proceeding under the Declaratory Judgment Act (Acts 1922, c. 83) to test the validity of a plan by which it is proposed to finance the construction of a high school in Russellville, a city of the fourth class. The case is here on appeal from a judgment upholding the plan.

The facts are these: It is admitted that the frame building in which the school is now conducted is in a dangerous condition, and has been condemned by the fire marshal. To meet the emergency, the city board of education has sold and conveyed to a corporation known as the Russellville School Improvement Corporation a site which it acquired and held for school purposes. The terms and conditions on which the sale and conveyance have been made are these: The Russellville School Improvement Corporation proposes, and has agreed, to construct on the site a new school building, and to incum-

ber the property in a sum not exceeding $75,000, for which it will issue its interestbearing bonds, notes, or other obligations secured by a mortgage on the property. It proposes to lease the property to the city board of education for a term of one year, with the privilege of renewal from year to year for a period not exceeding in all twenty years. The annual rental is not to exceed $6,000, and it is agreed that this sum is within the constitutional debt limit of the city board of education. The city board of education agrees to pay all taxes, insurance, and repairs, and the improvement corporation agrees to retire the bonds out of the rent paid for the use of the building. Whenever the mortgage shall have been fully discharged, or any advancements made by the guarantors shall have been fully repaid out of the rentals paid by the city board of education, and all other liens and claims have been fully paid, the city board of education may require the conveyance of the property to it free of lien. On the other hand, if the city board of education shall not occupy the premises the entire period of twenty years by consecutive renewals of the lease, and it should be necessary to sell the property, then out of the proceeds there shall first be paid the mortgage liens, and all other liens against the property, and the surplus, if any, shall go to the city board of education.

The questions presented are these: (1) May the city board of education legally convey the property for the purposes indicated? (2) May the Russellville School Improvement Corporation legally hold and incumber the property? (3) Will the execution of the lease involve the incurring of an indebtedness in violation of sections 157 and 158 of the Constitution? An extended discussion of these questions will not be necessary. Russellville and Georgetown are cities of the same class. The plan here proposed is substantially the same as that involved in the case of Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498. For the reasons there given, there is no legal objection to the plan proposed, and each of the questions must be answered in the affirmative.

Judgment affirmed.