## Bridges v. Scott County Board of Education.

(Decided June 20, 1930.)

142

LESLIE W. MORRIS for appellant.

FORD & FORD for appellee.

Opinion of the Court by Commissioner Hobson—Affirming.

The Scott county board of education owns about four acres of land in the town of Stamping Ground on which it has erected buildings and maintains a county high school. By reason of the increase in the attendance in the school the county board considered it necessary that the plant be enlarged by the erection of an auditorium and a gymnasium, the cost of which will approximate $20,000. The board deemed it unwise to increase the tax for school purposes to pay for the improvement. To meet the situation a number of interested citizens proposed to finance the construction of the school improvement under a plan practically the same as that sustained by the court in Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498. On May 5, 1930, the board of education passed a resolution for the adoption of the plan, which is thus succinctly stated by counsel:

"The plan in brief is that the County Board will convey to a corporation to be organized by the citizens, the title to the school property and the holding corporation will then issue bonds for a sufficient amount to make the improvements, which will be secured by a mortgage on the property. The conveyance will be made upon the condition that the school board shall have the option to lease the school property from year to year for school purposes, one year at a time, and will pay as annual rental an amount sufficient to retire the said bonds as they mature and to pay the interest and other expenses

of maintaining the school property. When the bonds shall have been paid off and satisfied in this manner the holding corporation will re-convey the property to the school board."

Thereupon W. G. Bridges, a citizen and taxpayer of Stamping Ground, brought this action seeking a declaration of rights under the Declaratory Judgment Act (Acts 1922, c. 83). The lower court sustained the action of the school board. Bridges appeals.

In Whitworth v. Breckinridge County Board of Education, 225 Ky. 222, 7 S. W. (2d) 1070, which was precisely like the case here, the court sustaining the action of the board said:

"This case is identical in the facts involved, the relief sought, and the judgment awarded, as those involved in Waller v. Georgetwn Board of Education, 209 Ky. 726, 273 S. W. 498, except that the board of education here involved is a county board of education whereas the board of education involved in the Waller Case was a city board of education. This difference, however, does not call for any distinction between the cases." See, also, Ky. Stats., sec. 4439.

That case has been followed since in a motion to dissolve an injunction and is conclusive here; as the public business must go on and the statute has not been amended. The board having power to make the contract, the court cannot control their discretion. Though they have power to levy a tax in one year sufficient to make the improvement, whether they shall do this or proceed under the proposed plan rests in their discretion.

Judgment affirmed.