## Button v. Trimble County Board of Education.

(Decided October 31, 1930.)

MOSLEY & MOSLEY for appellant.

E. W. TANDY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Prior to September 5, 1930, and since June, 1923, the Trimble county board of education and the Bedford graded school had jointly operated and conducted a graded and high school at Bedford, the county seat of Trimble county, under a contract by which each of those bodies bore the expenses of the school in agreed proportions. Due to the increased attendance at the school, and for other reasons, the building in which the school has

been conducted is now totally inadequate for the purposes of the school, and, unless adequate quarters are obtained, the school will become a second-class school instead of a first-class one as it has heretofore been. The two bodies, which had been conducting the school, were without current means to erect the needed new building, and constitutional provisions stood in the way of a bond issue for that purpose. Such being the situation, the Bedford graded school district in September, 1930, by deed conveyed the one-half undivided interest it owned in the plot of ground upon which it was designed that a new school building should be erected to the Trimble county board of education which owned the other half interest. The two bodies then merged. The Trimble county board of education then entered into an arrangement with the Trimble County Educational Corporation similar in all respects to the arrangement set out in detail in the case of Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498. Thereupon this suit was brought by a citizen and taxpayer under the declaratory judgment act to have determined the legality of the plan and proceedings.

So far as the plan is concerned, its legality has been upheld in the Waller case, supra, and in the cases of Whitworth v. Breckinridge County Board of Education, 225 Ky. 222, 7 S. W. (2d) 1070, where a county board of education was involved, and Bridges v. Scott County Board of Education, 235 Ky. 141, 29 S. W. (2d) 594. See, also, McDonald v. University of Kentucky, 225 Ky. 205, 7 S. W. (2d) 1046. The pleadings disclose that the current resources of the Trimble county board of education are amply sufficient to discharge its liability for the first year's rent, and that is at far as it is obligated. The only question raised in this record, and not disposed of by the cited cases, is the legality of the conveyance by the Bedford graded school district to the Trimble county board of education and its merger with that body, but this action on the part of these bodies was expressly authorized by section 4475a-1 of the Statutes, being a part of chapter 56 of the Acts of 1928. We are therefore of the opinion that the plan proposed and the proceedings had are in all respects valid and legal. The judgment of the lower court being in accordance with these views, it is affirmed.