## Holman v. Glasgow Graded Common School District et al.

(Decided January 16, 1931.)

BRENTS DICKINSON, Jr., for appellant.

JOHN E. RICHARDSON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The Glasgow graded common school district in Glasgow, Ky., owns a lot upon which two school buildings are erected, one of which was recently constructed with the proceeds of a voted bond issue in the aggregate sum of $50,000, and which exhausted the constitutional limit of indebtedness for the district. Imperatively needing an additional building costing as much as $60,000, the scheme and plan approved by this court in the cases of Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498; Button v. Trimble County Board of Education, 235 Ky. 771, 32 S. W. (2d) 345, and others referred to in those opinions, was resorted to, and as part of it a nonstock corporation known as "The Glasgow School Service Corporation" was organized for the purpose of holding title to the property and bonding it with a series of bonds extending over a period of twenty years, $3,000 of which was to be paid each year, and all of them secured by a mortgage on the property executed by the title holding corporation.

The school district then agreed to rent the property from the title holding corporation for one year, and to pay, as rent therefor, upkeep expenses, interest on the unpaid bonds, and $3,000 toward extinguishing the indebtedness, with the option to enter into a like contract each succeeding year, but with no obligation to do so, except a failure to do so would precipitate the due date of all the indebtedness with the right to foreclose the mortgage. Conceiving that the plan was unauthorized and invalid, the appellant and plaintiff below, P. W. Holman, as a resident taxpayer, brought this action in the Barren circuit court for himself and other taxpayers against defendants under our Declaratory Judgment

Act (Civil Code of Practice, sec. 639a-1 et seq.) to obtain a declaration of the rights of the parties.

Copies of the papers to be executed in the carrying out of the scheme were filed as exhibits with the petition. Defendants demurred thereto, and the court sustained it, followed by an order dismissing it on plaintiff's refusing to amend, and from that judgment plaintiff prosecutes this appeal.

We have compared this record with those in the two cited cases, supra, and find no substantial difference between the facts in them and those in this case, with the exception that in the Waller case an unfinished but commenced new building was to be completed with the proceeds of the arrangement entered into, which was in all respects similar and substantially the same as the one herein involved. But we are unable to draw any distinction between the right of the school district to construct entirely a necessary new building under such plan, and its right to finish (or partially construct) a similarly needed building. However, in the Button case we approved the plan adopted for the construction of an entirely new building with the proceeds of the arrangement entered into and which was in like manner in all respects similar to the one herein employed.

We refer to those opinions, and the others cited therein, for a discussion of the reasons and grounds for our approval of the adopted plan pursued therein, and, since they may be readily obtained from that source, we will not repeat them here. Suffice it to say that it is pointed out in them that no constitutional or statutory provision is contravened by the plan adopted, and, that being true, it is not within the province of the court to disapprove it for any reasons not rendering it invalid. The school authorities of such districts in discharging their administrative duties have the right to adopt such methods for the successful conducting of the school that are not expressly or by necessary implication prohibited by the Constitution or a statute, and it is not for the courts to determine whether in a given case they have pursued the wisest and most prudent course.

It therefore results that, following our opinions, supra, the judgment was and is correct, and it is affirmed.