## Godsey v. Board of Education of Ludlow et al.

(Decided March 13, 1931.)

CHARLES EUGENE CLARK for appellant.

JACKSON & WOODWARD for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The board of education of the city of Ludlow, a city of the fourth class, owns a lot suitable for the erection of a high school building. It has a fund of $75,000, but $160,000 will be required to erect an adequate building. Deeming such a building imperatively necessary, an elaborate plan has been devised substantially similar to the plans approved by this court in the cases of Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498; Whitworth v. Breckinridge County Board of Education, 225 Ky. 222, 7 S. W. (2d) 1070; Kirkpatrick v. City Board of Education of Russellville, 234 Ky. 836, 29 S. W. (2d) 565; Bridges v. Scott County Board of Education, 235 Ky. 141; 29 S. W. (2d) 594; Button v. Trimble County Board of Education, 235 Ky. 771, 32 S. W. (2d) 345 and Holman v. Glasgow Graded Common School District, 237 Ky. 7, 34 S. W. (2d) 733.

As a part of the plan a nonprofit corporation, known as the Ludlow Public Service Holding Company, was organized for the purpose of holding title to the property and issuing bonds aggregating the sum of $85,000, one-twentieth of which are to be retired each year, and which are to be secured by a first mortgage on the property. The board of education is to convey its lot to the holding company and is to turn over to the First National Bank of Ludlow, as trustee, the $75,000 now in its treasury, and, when the $85,000 worth of bonds are sold and the proceeds turned over to the trustee, the contract for the construction of the building is to be let, and the board of education is to issue its warrants to the contractor as the work progresses, which are to be paid out of the funds in the hands of the trustee. The holding company agrees to enter into a lease with the board of education

leasing the property for one year with the option in the board to renew the lease each year for twenty years. As rental for the building the board of education is to pay the sum of $4,250 per year to the trustee, who shall redeem bonds in that amount, and, when all the bonds have been redeemed, the holding company agrees to convey the property to the board of education. The board also agrees to pay as rental an additional sum sufficient to pay the interest on the bonds, insurance, repairs, and upkeep. The board of education does not bind itself to lease the property for more than one year, but has an option to renew the lease each year, and its failure to renew it would precipitate the due date of all the bonds with the right to foreclose the mortgage.

A. J. Godsey, a citizen and taxpayer of the school district, conceiving the plan to be invalid, brought this action under the Declaratory Judgment Act (Civil Code of Practice, Sec. 639a-1 et seq.) to obtain a declaration of the rights of the parties. It was his contention below, and he contends here that the board of education was without right to transfer the funds now in its treasury to the First National Bank of Ludlow, as trustee, to be used in the erection of a building upon the site in question; that by the purported contract it will exceed the constitutional limit of indebtedness that it may incur; that no adequate consideration will be received for the lot to be conveyed, and that the resolution of the board of education authorizing the president and secretary to execute a deed to the Ludlow Public Service Holding Company is not sufficiently full for that purpose.

The proposed plan follows very closely the plan approved by this court in the case of Waller v. Georgetown Board of Education, supra. The sole difference between the two plans is that in the Waller Case the board of education used the money which it had received from the sale of voted bonds in the partial construction of a high school building and then conveyed the lot with the uncompleted building thereon to a holding company, which executed bonds secured by mortgage to the trustee, who sold the bonds to the public. Here the board of education proposes first to convey the lot and then use the money on hand in the construction of a building which will enable the board to construct a building under a single contract. We are unable to draw any distinction between the right of the board of education to partially construct a building on its lot and then transfer the lot

to the holding company, the building to be completed with the proceeds of a bond issue, and its right first to convey the lot to the holding company and then use the funds in its hands in the construction of the building. Without copying the resolution adopted by the board of education authorizing its president and secretary to execute a deed to the holding company, suffice it to say that it is amply sufficient for the purpose intended.

All other questions raised have been decided adversely to appellant's contention in the above-cited cases, and it follows that the judgment of the lower court must be, and it is, affirmed.