## Hardin v. Owensboro Educational Association.

(Decided April 22, 1932.)

(As Extended on Denial of Rehearing June 24, 1932.)

CARROL E. BYRON for appellant.

CARY, MILLER & KIRK and R. MILLER HOLLAND, for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

This is an appeal by plaintiff below from the judgment of the circuit court sustaining a general demurrer to his petition and dismissing the action. The facts stated in the petition are these: In March, 1932, the board of education of the city of Owensboro, all the members being present and concurring therein adopted a resolution that a deed be executed by the board conveying to the Owensboro Educational Association about four acres of ground in Owensboro for the sum of $60,000, which sum was the fair cash value of the property and the sale was made for the purpose of applying the $60,000 to the payment of the amount owing by the board of education on account of the purchase of the property and the construction thereon of the school building and to complete the building. A conveyance was made pursuant to the resolution to the Owensboro Educational Association, which was a private corporation, and it entered into a contract of lease with the school board for the property for the year beginning July 1, 1932, at the agreed price of $8,450 for the year with the option to renew the lease

from year to year until July 1, 1937, for certains sums to be paid annually, in all aggregating the $60,000 and interest on it. The board of education of the city of Owensboro was not bound to renew the contract from year to year but the Owensboro Educational Association was bound by the contract to execute and deliver to the board of education a general warranty deed for the property at the end of five years if the board of education made the annual payments provided for. The stipulated rentals were within the anticipated revenue of the board of education for each year. The $60,000 was sufficient to satisfy the items of indebtedness that had accrued and had been incurred by the board of education on account of the purchase of the property and the undertaking to build thereon the school building, and will enable it to provide means for the completion of the building which cannot otherwise be provided. The Owensboro Educational Association in order to raise the funds to pay the $60,0000 was to execute a mortgage for that amount securing a bond issue covering a period of five years.

The substance of the arrangement was that the Educational Association would sell the bonds, pay the $60,000 to the board, and that the yearly payments made by the board of education would be applied to pay off the bonds.

It is charged in the petition that the board of education was without authority to make a contract or to convey the land to the Owensboro Educational Association, and the plaintiff, who was a property owner in Owensboro, prayed that the board of education and the Owensboro Educational Association be enjoined from carrying out the contract.

The only question presented by the record is: Was the proposed arrangement within the powers of the board of education under the statute which is in these words:

"That the said board of education shall have the power, two-thirds of the trustees in office concurring therein, to be evidenced upon the call of the yeas and nays, and recorded upon the journal of its proceedings, to sell and convey for a fair cash value, any or all of said school property for the purpose of reinvesting all the net proceeds of the same in the purchase of other lots, and building thereon other school buildings. And said board shall have no power

to divert or apply said fund, or any part of it, to any other purpose whatsoever than for the purchase of grounds and the building thereon school buildings for public school purposes, and if it do so, the same shall be malfeasance in office.'' Ky. Stats., sec. 3466.

The board of education has only such power as is conferred upon it by statute. The purpose of the statute above quoted was to authorize the board to sell the school property for the purpose of reinvesting the net proceeds in the purchase of other school property and building thereon other school buildings, but the statute does not authorize the board of education to borrow money upon the school property and to execute a mortgage on it to secure the payment of the money. Although the board had made contracts which were unpaid the contractors had no lien upon the school property under the statute. Knott County Board of Education v. Martin, 218 Ky. 688, 291 S. W. 1062, and cases cited.

The provision of the Constitution (section 157) forbidding the creation of any debt in any year by any municipal corporation beyond the revenue provided for the year cannot be defeated by the form of the transaction. Here, under the facts, the board had no intention of buying other property. It simply had no money on hand to pay what it owed, and the arrangements set out in the petition were simply a subterfuge to hide the real transaction which was, in effect, a mortgage on the school property for $60,000 to be repaid in the annual rentals, so called, in the contract. The provisions of the Constitution cannot be thus defeated. To sustain such a transaction as that set out here would be, in effect, to open the door for the utter disregard of the constitutional provision. The powers of the board are fixed in the statute, and the court only holds here that the contract in question is not within the powers of the board under the statute.

The appellees rely on Overall v. Madisonville, 125 Ky. 684, 102 S. W. 278, 31 Ky. Law Rep. 278, 12 L. R. A. (N. S.) 433; Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498; Whitworth v. Breckinridge County Board of Education, 225 Ky. 222, 7 S. W. (2d) 1070; and Kirkpatrick v. Russellville Board of Education, 234 Ky. 836, 29 S. W. (2d) 565.

In the Overall case, there was no sale on the part of the city of an asset it owned with a lease back as in the instant case, but the purchase by the city in piecemeal of a lighting plant to be paid for in piecemeal in the year in which the purchase of each particular piece was completed and out of the revenues of that year.

In the Waller case and those which followed it, there was likewise no sale as here of a completed school building with a lease back, the proceeds of the sale being used to pay a debt incurred by the board of education in the building of the school. On the contrary, in those cases there was a raising of funds and the building of a school building by an outside third party, the building then being leased to the school board with an option of purchase. In the instant case, however, the school board owns the building. It is a completed project and is an asset of the school board. By statute as pointed out, the board is forbidden to sell it save for the purposes set out in the statute, no one of which is for the purpose of raising funds to pay a debt of the school board. In the cases relied on, an asset was created by third parties to be transferred to the school board under a lease with option to purchase, at the end of which transaction the school board would have the building paid for by the rentals. In the instant case the school board already has the building, but purposes to sell it and with the proceeds pay off a debt the school board owes. Thus we see that the situation in the instant case is not at all analogous to that presented in the cited cases. To uphold the contention of the appellees would practically nullify the statute to which we have referred. This cannot be done.

Judgment reversed, and cause remanded for further proceedings consistent herewith.