## Reneer v. Centertown Educational Corporation et al.

(Decided March 13, 1934.)

HEAVRIN & MARTIN and E. S. HOWARD for appellant.

KIRK & BARTLETT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Centertown graded common school district of Ohio county embraces the city of Centertown, a municipality of the sixth class. The state board of education notified the board of trustees that it would no longer recognize the school as an accredited public school. The following plan for improving the building was devised: The Centertown Educational Corporation was organized. In consideration of $8,000, the school building and lot were conveyed to the corporation. The corporation obligated itself to issue bonds on the property in the total sum of $8,000. The bonds were issued and the proceeds were used for the improvement of the building. The board of trustees leased the building for a period of one year, and agreed to pay as rental a sum sufficient to pay the interest on the bonds, the insurance on the property, and other minor charges, with the option to renew the lease from year to year, but with no obligation to

lease the property or pay rentals thereon for more than one year. In the event the board of trustees failed to pay the rentals, or renew the lease, the school building was to be sold, the outstanding bonds of the corporation paid off, and whatever was left was to be turned over to the board of trustees. At the end of the eight years, or sooner, if the school board had renewed the lease for so long and paid its rents, the school building was to become the property of the school board, and the corporation bound itself to convey the title to the school board.

After the foregoing plan was carried out, J. A. Reneer, a citizen and taxpayer of the district, brought this suit to set aside the several steps that had been taken, and to require the Centertown Educational Corporation to reconvey the property to the school board. After hearing the evidence, the chancellor denied the relief prayed, and Reneer has appealed.

The bill of exceptions and transcript of evidence have been stricken from the record. In their absence the only question for consideration is whether the pleadings support the judgment? City of London v. Barnett, 228 Ky. 471, 15 S. W. (2d) 286. Of this there can be no doubt. The plan is a part of the pleadings, and is not only substantially the same as that involved and held valid in Gosney v. Butler Graded School, 219 Ky. 242, 292 S. W. 781, but also similar in principle to that approved in numerous other cases. Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498; Whitworth v. Breckinridge County Board of Education, 225 Ky. 222, 7 S. W. (2d) 1070; McDonald v. University of Kentucky, 225 Ky. 205, 7 S. W. (2d) 1046; Kirkpatrick v. City Board of Education of Russellville, 234 Ky. 836, 29 S. W. (2d) 565; Holman v. Glasgow Graded Common School District, 237 Ky. 7, 34 S. W. (2d) 733; Button v. Trimble County Board of Education, 235 Ky. 771, 32 S. W. (2d) 345; Bridges v. Scott County Board of Education, 235 Ky. 141, 29 S. W. (2d) 594; Godsey v. Board of Education of Ludlow, 238 Ky. 17, 36 S. W. (2d) 656. On the faith of these cases the plan was carried out, and many other school buildings have been erected. Even if we entertained greater doubt as to their soundness, we would not be inclined now to overrule them, and thus undo what has been done in this case and in numerous other cases.

Judgment affirmed.