# Rothchild v. Shelbyville Board of Education of Shelbyville.

(Decided May 25, 1934.)

WILLIAM H. HAYS for appellant.
R. F. MATTHEWS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The board of education of the city of Shelbyville, a city of the fourth class, owns a large tract of land on which is located a high school building. It has $7,500 in its treasury in excess of current needs and it desires an additional building to be used for school purposes. It proposes to procure the use of such building in the following manner: A nonprofit corporation, known as the Shelbyville Public Service Corporation, is to be organized for the purpose of holding title to the property after issuing bonds aggregating the sum of $22,500 which are to be retired within a period of ten years and which are to be secured by a first mortgage on the property. The board of education is to convey a portion of its lot to the Public Service Corporation. The Public Service Corporation agrees to construct a building on the lot so purchased by it according to the plans and specifications furnished by the board of education and to lease the building when completed to the board for one year with the option in the board to renew the lease each year for ten years. The rental to be paid for each year is to be an amount equal to the interest on the bonds and the amount of principal maturing that year and the insurance, repairs, and other fixed charges on the property, not to exceed for any year the sum of $4,000. The board of education also is to have the option to purchase the property at any time during the ten years for the amount remaining due on the bonds at the time the option is exercised. When the bonds are paid in full, either at the end of the ten-year period or prior thereto, the Public Service Corporation is to deed the property to the board of education of Shelbyville.

Before the plan was put in operation, E. H. Rothchild, a citizen, resident, and taxpayer of the Shelbyville city school district, brought this suit under the Declaratory Judgment Act (Civil Code of Practice, sec. 639a-1 et seq.) to test its validity and to obtain a declaration of the rights of the parties.

The plan is in all respects similar to the plan approved in Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498. The Waller Case has been followed in a number of subsequent cases in which substantially similar plans were approved. Whitworth v. Breckinridge County Board of Education, 225 Ky. 222, 7 S. W. (2d) 1070; Kirkpatrick v. City Board of Education of Russellville, 234 Ky. 836, 29 S. W. (2d) 565; Bridges v. Scott County Board of Education, 235 Ky.

141, 29 S. W. (2d) 594; Button v. Trimble County Board of Education, 235 Ky. 771, 32 S. W. (2d) 345; Godsey v. Board of Education of Ludlow, 238 Ky. 17, 36 S. W. (2d) 656. In all of the above cases the plans approved were proposed to be put in operation by boards of education of cities of the fourth class or by boards of education of counties.

In Hardin v. Owensboro Educational Association, 244 Ky. 390, 50 S. W. (2d) 968, it was held that the board of education of a city of the third class was without authority to sell and convey real estate held by it for school purposes except in the manner and for the purposes provided by section 3466 of the Kentucky Statutes, which is a part of the charter of cities of the third class. By the terms of that statute boards of education of third class cities have power to sell and convey school property only for the purpose of reinvesting all the net proceeds of the same in the purchase of other lots and building thereon other school buildings. There is no such limitation on the power of boards of education of cities of the fourth class but, on the contrary, they are expressly empowered to purchase and hold all property, real and personal, deemed by them necessary for the purposes of public education and to build and construct improvements for such purposes and to hold or sell the same. Sections 3587a-1 and 3587a-2, Kentucky Statutes.

In the recent case of Reneer v. Centertown Educational Corporation, 253 Ky. 328, 69 S. W. (2d) 718, 719, a plan substantially the same as that proposed to be adopted in the instant case was approved and, after citing the cases in which similar plans had been approved, it was said:

"On the faith of these cases the plan was carried out, and many other school buildings have been erected. Even if we entertained greater doubt as to their soundness, we would not be inclined now to overrule them, and thus undo what has been done in this case and in numerous other cases."

It follows that the judgment of the chancellor approving the plan is correct and it is affirmed.