## Davis v. Board of Education of City of Newport et al.

(Decided May 31, 1935.)

J. GARVEY DAVIS for appellant.

LORIMER W. SCOTT for appellee City of Newport.

OTTO WOLFF for appellee Board of Education.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

This action was brought under the Declaratory Judgment Act (Civ. Code Prac. sec. 639a-1 et seq.) to test the validity of the lease or leases here involved, which are proposed to be entered into between the city of Newport and its board of education.

It is disclosed by the pleadings that the city of Newport and its board of education, desiring to acquire an adequate and much-needed school building, have undertaken, under the enabling provisions of chapters 68 and 69 of the 1934 Acts of the General Assembly (now sections 4421-1 to 4421-19, inclusive, of Baldwin's 1934 Supplement to Carroll's Kentucky Statutes), to procure such school building.

By this act it is recited that it shall be deemed to create an additional method for the acquisition of elementary and high school buildings by boards of education of school districts embracing cities of whatsoever class, and looking to such end, it first directs the conveyance by such school board to the city of the site on which the erection of the school building is sought, when, the plans and specifications of the city therefor being approved by the school board, the latter "shall offer to lease such building [so constructed] for a term of one or more years," with the right and option in such lessee "to extend the term of such lease for a term of one or more years from the expiration of the original term of such lease and for one or more years from the expiration of each extended term of such lease, until the original term of such lease shall have been extended for a total number of years, not exceeding thirty years,

at a rental which, if paid for the original term and for each of the full number of years for which the term of said lease may be extended, will amortize the total cost of the erection of said building and appurtenances, provide an adequate maintenance fund and in addition thereto a sum sufficient to pay the cost of insuring the building.'' Thereupon, the city shall by ordinance authorize the issuance of bonds sufficient to pay the cost of constructing such building and shall cause its clerk to advertise for bids, and thereafter it may contract for the construction of such building.

For the purpose of defraying the costs of constructing such school building, the city may borrow money from the Public Works Administration of the Federal Government and issue negotiable bonds therefor, secured in their payment by putting the property in mortgage lien therefor. Chapter 69, sec. 2 Acts 1934 (Ky. Stats. Supp. 1934, sec. 4421-6).

Further it is provided (section 4421-8) that such bonds shall be payable solely from the revenue funds derived from the rental of such building and shall not constitute an indebtedness of the city within the meaning of the constitutional limitation, but that, when the board of education of such school district has paid rent in the manner provided, sufficient to amortize the cost of the school's erection, maintenance, and insurance, the city shall thereupon convey the premises to the board of education and transfer the balance, if any remaining in the fund, to the account of the board (section 4421-18).

It appears that the plans and specifications for the school building have now been both adopted by the city and approved by the board, and also that a contract has been entered into between the city and the Public Works Administration for a sale of the bonds and procurement of the additonal aid, and that the board of education, on February 25, 1935, duly adopted a resolution authorizing and directing the execution and delivery by its president and clerk of a lease of the site and school building erected thereon according to one of the following lease plans:

"Plan 'A': The real estate described in Section 1 hereof shall be used for educational purposes only; the lease shall extend over a period of thirty [30] years beginning upon the date when the build-

ing to be erected shall be complete and ready for occupancy; the annual rental shall be not in excess of fifteen thousand [$15,000] Dollars payable in semi-annual installments; upon the payment of all the rentals for the full term of the lease, the City of Newport shall convey to the Board of Education of the City of Newport the real estate hereinabove described; and the City of Newport shall insure the property against all hazards ordinarily insured against by lessors of real estate.

"Plan 'B': The real estate described in Section 1 hereof shall be used for educational purposes only; the annual rental shall not be in excess of Fifteen Thousand [$15,000] Dollars, payable in semi-annual installments; the lease shall extend for a term of years not in excess of that number of years for which the unencumbered revenue of the Board of Education in the year 1935 will pay, and the Board of Education shall have the exclusive right and option of extending the lease for a like term of years, computed in the same manner in which the original term was determined upon, with the exclusive right and option to extend the extended term or terms upon the same basis for a period not in excess of thirty [30] years; the extension of any term shall be automatic for the period of at least one [1] year if the Board of Education fails affirmatively to give notice to the City of Newport that it will not renew the lease; upon payment in full of all the rentals for a consecutive term of thirty [30] years, the City of Newport shall convey to the Board of Education of the City of Newport the real estate hereinabove described; and the City of Newport shall insure the property against all hazards ordinarily insured against by lessors of real estate."

At this stage of the proceedings, the appellant, Carrie Davis, a citizen, resident, and taxpayer of the city of Newport school district, brought this suit to test the validity of these proposed leases, alleging that they were in their terms violative of section 157 of the Constitution, in that they each, by their rental terms, created an indebtedness for the year 1935 in an amount in excess of the school board's anticipated income and revenue for that year.

Defendant's general demurrer to the petition was overruled, when it answered denying that the lease or leases "A" and "B," in the form directed, and provided for by its resolution, created an indebtedness for the year 1935 of a total rental obligation in the amount of $450,000, as alleged, or in any amount greater than the one year's rental sum of $15,000, or that the lease created an indebtedness for the term of that year, or at all, in excess of the legal indebtedness authorized by the Constitution. It alleged that the total amount of the revenue of the school board for the year 1935 for general purposes would be in excess of the total amount of $15,000, the annual rental provided by the lease proposed to be entered into; also, that the school board operates upon a budget and that the sums due on account of the lease proposed for the year 1935 had been included in the budget and would in no event exceed the anticipated revenues of the defendant for the year 1935, after providing for the ordinary operating expenses of the school system of the city. Further it alleged that the school board, in making the lease in either form "A" or "B" did not thereby create a present rental indebtedness for the aggregate rental amount of such building for the entire term, but was contracting for the payment of a service to be rendered it by the city from year to year; and that by the terms of either form of lease, there was incurred no present obligation to pay for more than the one year's rental during which the board might occupy such school building.

Upon submission of the cause for judgment, on plaintiff's motion for a permanent injunction and upon the pleadings, exhibits, and stipulation of facts, the court set aside the plaintiff's temporary injunction and adjudged that as section 4421-8 of the Statutes secures the bonds by lien upon the real estate and building thereon and expressly provides they shall not be the obligation of the city, they constitute no indebtedness of the city, within the meaning of the constitutional limitation and, further, that the execution by the board of education of the lease in question, whether made under plan "A" or "B" as directed by the resolution, did not create an indebtedness in excess of the income and revenue of the board for the year 1935.

In harmony with such views, the temporary injunction granted plaintiffs was by the trial court set aside,

and, plaintiff declining to plead further, it adjudged that her petition be dismissed with costs.

Plaintiff, complaining of this ruling as erroneous, has prosecuted this appeal, insisting that the foregoing arrangement, as expressed in either of the leases, for acquiring and paying for the school building by the board in the form of rentals for a period of thirty years, is illegal and invalid, for the reason that the appellee will incur under either of the proposed leases a present indebtedness in excess of its anticipated revenue for the year 1935 or an indebtedness unauthorized by the Constitution without a vote of the voters being taken thereon. Section 157 of the Constitution.

We are not prepared to say that this criticism, so far as directed to lease "A," providing that "the lease shall extend over a period of thirty years beginning upon the date when the building to be erected shall be complete and ready for occupancy; the annual rental shall be not in excess of $15,000 payable in semi-annual installments," is not properly urged against its validity, in that it is clearly a lease for the fixed term of thirty years, and as such, it is insisted, creates a present debt for the amount of its aggregate rental, in accord with such rule of construction which we applied in the somewhat similar case of Billings v. Bankers' Bond Co., 199 Ky. 490, 251 S. W. 643, so construing a contract had between the board of education and a contractor, to pay rentals for seven years and then receive the building, and holding that it created a debt for the rental of the entire seven year term, and as such it was void under section 157 of the Constitution, prohibiting the incurring of an indebtedness in excess of the anticipated revenue for the year, even though the amount of rent annually maturing in each year was within the anticipated income and could be paid from the current revenue of the board provided for that year. Ramsey v. City of Shelbyville, 119 Ky. 180, 83 S. W. 116, 1136, 26 Ky. Law Rep. 1102, 68 L. R. A. 300; City of Covington v. McKenna, 99 Ky. 508, 36 S. W. 518, 18 Ky. Law Rep. 288; Beard v. City of Hopkinsville, 95 Ky. 239, 24 S. W. 872, 15 Ky. Law Rep. 756, 23 L. R. A. 402, 44 Am. St. Rep. 222; O'Bryan v. City of Owensboro, 113 Ky. 680, 68 S. W. 858, 69 S. W. 800, 24 Ky. Law Rep. 469, 645.

However, we conceive that neither such rule nor the supporting reason therefor is applicable to the terms

300

of "B" lease which are not properly subject to this objection urged, in that by them it is expressly recited that the lease shall extend for a term of years not in excess of "that number of years for which the unencumbered revenue of the board of education in the year 1935 will pay, and the board of education shall have the exclusive. right and option of extending the lease for a like term of years, computed in the same manner in which the original term was determined upon, with the exclusive right and option to extend the extended term or terms upon the same basis for a period not in excess of thirty years." Thus it clearly appears, from this quoted portion of lease "B," that the one obligation that the appellee thereby assumes is the rent for one year, the amount of which ($15,000) it is stipulated and admitted is within its annual income and, being so, is within the constitutional limitation of section 157, Constitution.

By the specific terms of the "B" lease, it is absolutely optional with the appellee whether or not it will renew the lease at the expiration of its one year term or at the expiration of its extension for a like term, and that its extension of any term shall be automatic for the period of at least one year, if the school board fails affirmatively to give notice that it will not renew the lease. The appellee has thus reserved by the lease the right or option to continue the lease by its extension, as provided for, if it so elects, but is under no obligation to do so. The city lessor can never, at any time after entering into this lease, claim the aggregate of all the annual rentals, because the school board has not assumed or become obligated for such an amount, but under its terms, has only become indebted as the rent service of each year is performed.

A consideration of these terms of lease "B" leads us to regard it as providing substantially the same plan for the board's lawfully acquiring the needed school building as that involved and held valid by us in numerous other cases, even though they were not based, as is the instant case, upon the enabling provisions of the 1934 acts, especially authorizing the procedure here adopted for acquiring the school building in question. Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498; Whitworth v. Breckinridge County Board of Education, 225 Ky. 222, 7 S. W. (2d) 1070; McDonald v. University of Kentucky, 225 Ky. 205, 7 S.

W. (2d) 1046; Kirkpatrick v. City Board of Education of Russellville, 234 Ky. 836, 29 S. W. (2d) 565; Holman v. Glasgow Graded Common School District, 237 Ky. 7, 34 S. W. (2d) 733; Button v. Trimble County Board of Education, 235 Ky. 771, 32 S. W. (2d) 345; Bridges v. Scott County Board of Education, 235 Ky. 141, 29 S. W. (2d) 594; Godsey v. Board of Education of Ludlow, 238 Ky. 17, 36 S. W. (2d) 656. The above cases were also cited and relied upon in Reneer v. Centertown Educational Corporation, 253 Ky. 328, 69 S. W. (2d) 718, 719, where the court said:

"On the faith of these cases the plan was carried out, and many other school buildings have been erected. Even if we entertained greater doubt as to their soundness, we would not be inclined now to overrule them, and thus undo what has been done in this case and in numerous other cases."

Also compare the later case of Rothchild v. Shelbyville Board of Education, 254 Ky. 467, 71 S. W. (2d) 1033, wherein the holding of the Reneer Case, supra, was approved.

The one question, therefore, presented upon this appeal is whether under the lease agreement "B" there is created a debt liability for the year 1935 in excess of the school board's anticipated revenues for that year, in violation of section 157 of the Constitution. This question in turn depends upon whether the obligation of the board assumed thereunder is "a present obligation commensurate in amount with the aggregate of the monthly rentals payable thereunder, or whether the debt or liability created on behalf of the state (here the school board) by this lease agreement is confined to that amount which at any time in the period of performance thereunder will be outstanding and which the state (the school board) will be under obligation to pay."

Clearly, in view of our construction of lease "B," as obligating the school board (as lessee of the school building) for only a one-year period, with exclusive right and option in lessee to extend and re-extend the lease for a period of thirty years, it cannot be held to create an indebtedness of the board for more than such yearly term, the rental amount of which ($15,000) comes clearly within the anticipated revenue and income of the board for the year the lease in such manner is made.

See, also, to like effect 19 R. C. L. sec. 279, p. 983; Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 S. Ct. 77, 43 L. Ed. 341; annotation to the question in 71 A. L. R. 1311, 1318; Vandergrift v. Riley (Cal. Sup.) 16 P. (2d) 734.

Therefore in harmony with the principle announced in these cases, we are led to conclude that the judgment of the lower court, in so far as it approved as valid lease ''A,'' is erroneous and should be reversed, but that the judgment, holding the lease as set out in plan ''B'' valid, being in harmony with our views, should be, and it is, affirmed.