## Emmons v. Board of Education of Lewis County et al.

(Decided June 11, 1935.)

ROY WILHOIT for appellant.

CHARLES H. REIDENGER for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The high school building at Tollsboro, Lewis county, Ky., was destroyed by fire. As a means of financing the construction of a new building and other facilities necessary for the school plant, the board of education of Lewis county proposed to convey the lot and perhaps other certain parcels of real estate to a nonstock corporation or holding company with the right of the holding company to issue bonds for a sufficient sum to make the improvements and to mortgage the property to secure the payment of the bonds. The conveyance proposed to be made is to be upon the condition that the school board shall have the option to lease the property of the holding corporation from year to year for school purposes and will pay an annual rental in a sum sufficient to retire the bonds as they mature, and to pay the interest and all other expenses of maintaining the school property; and when the bonds shall have been paid in full, the holding corporation will reconvey the property to the school board.

A resolution duly passed by the board authorizing its chairman and secretary to execute the proposed deed, the articles of incorporation of the holding corporation known as the "Educational Association of Lewis County," and the proposed lease from the holding company to the board of education, are filed with the record.

The appellant brought this suit in the Lewis circuit court pursuant to the Declaratory Judgment Act (Civ. Code Prac. sec. 639a-1 et seq.), seeking an injunction against the board of education to prohibit it from entering into the proposed scheme, and asked for declaration of the rights of the parties. The facts alleged in the petition are substantially as indicated above. A demurrer to the petition was sustained, and plaintiff failing to plead further, his petition was dismissed, and for a final determination of the rights of the parties this appeal is prosecuted.

This is no new question for this court. A number of cases precisely like the case here has been sustained by this court in the following cases: Whitworth v. Breckinridge County Board of Education, 225 Ky. 222, 223, 7 S. W. (2d) 1070; Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498; Holman v. Glasgow Graded Common School District, 237 Ky. 7, 34 S. W. (2d) 733; Bridges v. Scott County Board of Education, 235 Ky. 141, 29 S. W. (2d) 594. The reasons and grounds for our approval of the plan proposed in the present case are the same as set out in the cases, supra, which are conclusive of this case, and a reference to them is sufficient without giving time and space to a further discussion of the question here presented.

The judgment is affirmed.