# Weaks v. Board of Education, Graves County, et al.

Feb. 27, 1940.

Webb & Webb for defendants.

OPINION BY JUDGE FULTON—Granting motion.

Graves County, outside of the city of Mayfield, comprises one school district, the city of Mayfield being an independent district. The school building at Sedalia in Graves County was destroyed by fire in April, 1939, and the Board of Education of the county undertook to construct another building on the site where the former building stood. After having plans and specifications prepared, it sought and was granted financial assistance by the Works Progress Administration to the extent of $51,790 with the proviso that the Board of Education should expend as its part of the construction $56,752. To complete the building as planned it will be necessary for the Board to expend $60,000. The Board, not having sufficient revenue available to permit the expenditure of $60,000, has adopted a plan somewhat similar to that first approved in this court in the case of Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498, by which it was to convey to the Sedalia School Building Corporation, a non-profit corporation, numerous school properties in the county aggregating approximately twenty percent of the value of all school prop-

erty in the county. The site on which the new building is to be erected is not to be conveyed to the holding corporation because the W. P. A. can engage in a project only on property held or owned by an arm of the government. The building corporation is to execute a lease option contract to the Board of Education according to the plan heretofore approved by this court in the Waller case, by which after the payment of certain stipulated rentals on the new building for a period of years the Board becomes the owner of all the property conveyed to the corporation.

The present action was filed by the plaintiff, a taxpayer of Graves County, seeking a temporary injunction enjoining the Board from carrying the proposed plan into execution. The trial court denied the temporary injunction and this case is now before me, a judge of this court, on motion to grant a temporary injunction to enjoin the Board from carrying this plan into effect.

This plan of financing was first approved in this court in the case of Waller v. Georgetown Board of Education, supra, and confirmed in numerous subsequent cases, and in Bellamy v. Board of Education of Ohio County et al., 255 Ky. 447, 74 S. W. (2d) 920, it was specifically held that under the broad powers given by statute to boards of education a board of education has power to convey good title to school property to an educational corporation although title to such property was technically vested in the Commonwealth.

The original plan, approved in the Waller case, permitted a board of education to convey to such a holding corporation the particular site on which a school building was to be erected. It must be admitted that the original plan as approved in that case and others following it was somewhat in the nature of a detour around Section 157 of the constitution which prohibited the board from becoming indebted to an amount exceeding, in any year, its income and revenue for such year without the assent of two-thirds of the voters. As is usually the case with such plans, successful attempts were soon made to extend beyond its original intent and purpose as approved in the Waller case. For instance, in Holman v. Glasgow Graded Common School District, 237 Ky. 7, 34 S. W. (2d) 733, a school site on which two school

buildings were already in existence was conveyed to a holding corporation under this plan and this procedure was approved by this court. The holding in this case resulted in effect in placing two school buildings already in existence in lien to secure the payment of money borrowed for the erection of a third building on the site. In Emmons v. Board of Education of Lewis County, 260 Ky. 17, 83 S. W. (2d) 848, 849, the opinion recites that the Board of Education proposed to convey "the lot and perhaps other certain parcels of real estate" to the holding company. The opinion does not make clear whether or not the other parcels of real estate were connected with or adjoined the site of the school building. In any event the question was not raised and considered as to whether or not other independent school properties might be joined with the site on which the proposed building was to be erected and conveyed to the holding corporation.

In Scott County Board of Education v. McMillen, 270 Ky. 483, 109 S. W. (2d) 1201, three separate school properties, upon all of which improvements were to be made with the money raised by this plan of financing, were conveyed to the holding corporation and this plan upheld. In that case a dissenting opinion was handed down by Judge Thomas who pointed out some of the dangers attendant on such a plan of financing. The majority opinion in that case held that the wisdom of making group conveyances of school sites by the Board to be put in lien for the payment of the entire bond issue made thereon was not a question for this court but that the good faith adoption of such a plan must rest in the exercise of a sound discretion by the Board.

In the instant case the proposed plan seeks to go a step farther than any plan heretofore approved by this court, namely, the Board proposes to convey to the holding corporation approximately twenty percent of the school properties of the county which are to receive no benefit from the money raised by this plan of financing. If this may be done then the next logical step is that the Board may convey to a holding corporation all of the school property in the county for the purpose of financing the building of one school building on one particular site. The effect of such procedure, regardless of the technical legal aspect of it, would be to place in

lien all of the county school property to secure the payment of money used in the building of one particular school, with the building to be constructed not under the lien and bearing no part of the load placed on the other property. While it is true that the Board has full power and authority to convey school properties owned by it, as held in the Bellamy case, and while the Board has a large discretion in the adoption of such plans as this, as held in the McMillen case, it is obvious that at some stage of the proceedings a halt must be called lest the extension of this plan to undue limits should result in imperilling the entire school systems in the various counties of the Commonwealth.

It could not with reason be argued that as the Board has the right to sell and convey school property it could sell and convey all of such property in the county at one time and for a grossly inadequate price.

Although there is no statutory limitation on the action of boards of education in selling and conveying school property, its action in so doing must necessarily be consonant with the duties imposed on them by law to keep and maintain an adequate school system within the limits of their finances. Any action by a board which imperils the entire school system of a county, or a material portion thereof, is necessarily an action which may be called in question by the courts—public policy demands that this be so.

The plan proposed in the instant case is such as to imperil a large portion of the county school system—if carried to the logical extreme it would endanger the entire system. Approval of the plan here proposed would result in opening wide the door to unlimited expenditures by county boards with no restraint of any kind imposed on their action, attended by danger of loss of a large portion of the school system. Public policy and regard for the safety of our school system demand that a halt be called and that the plan of financing in question here shall not be extended beyond the limits of approval heretofore accorded in Scott County Board of Education v. McMillen, supra. Even in such cases the conveyance of a group of school properties should be upheld only where substantial improvements, bearing a reasonable proportion to the entire amount to be ex-

pended, are to be made on each separate piece of property in the group.

The motion for a temporary injunction is sustained and the circuit judge will issue a temporary injunction enjoining the Board of Education from proceeding to consummate the proposed plan in so far as it proposes to convey to the holding corporation other school properties than the site on which the Sedalia school is to be constructed.

The whole court sat with me in considering this motion and all concur in the conclusions reached. It is further ordered that this opinion be adopted and published as an opinion of the court.