## Tarter, Judge, et al. v. Wesley.

(Decided June 22, 1923.)

### Appeal from Pulaski Circuit Court.

1. Counties—Excess of Expenditures Cannot be Carried Forward From Year to Year to Accumulate Beyond Debt Limit.—Though Constitution, section 157, limiting the indebtedness of a county has been construed as not prohibiting an indebtedness which, through mistake or inadvertence, slightly exceeded the actual income of the county from being carried over to the succeeding year and considered a part of the indebtedness of that year, in estimating the needs and fixing the tax rate, it does not permit a county to carry such excess from year to year and allow it to accumulate and increase beyond the total revenue and income for the county for any year, and such accumulated indebtedness is void under the Constitution.

2. Counties—Fiscal Court Cannot Borrow to Pay Indebtedness Exceed·
ing Constitutional Limit.—The fiscal court of a county has no au-
thority to borrow money on behalf of the county to pay a floating
debt of the county accumulated during preceding years, which was
under Constitution, section 157, void, because in excess of the in-
debtedness which the county was authorized to contract without
the consent of two-thirds of the voters.

M. L. JARVIS and R. C. TARTAR for appellant.

. DENTON & PERKINS and JAMES DENTON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal is from a judgment of the Pulaski cir-
cuit court entered upon a demurrer to a taxpayer's bill
to enjoin R. C. Tarter, county judge, and C. M. Langdon,
county clerk, from borrowing $50,000.00 pursuant to a
resolution of the Pulaski fiscal court adopted at a called
meeting on the 5th day of January, 1923, upon the ground
that the floating indebtedness of the county is greater
than the constitutional limit, and upon the further ground
that the fiscal court has no power or authority to borrow
money. A general demurrer was interposed to the pe-
tition and overruled by the court, whereupon the defend-
ants declining to further plead, judgment was entered
perpetually enjoining and restraining R. C. Tarter,
county judge, from executing, signing or delivering to
anyone the note or obligation of Pulaski county for the
sum of $50,000.00 or any other sum under the resolution
of the fiscal court hereinafter copied, and from pledging
the faith of Pulaski county to any such note or obligation
to secure such an amount or any amount. From this
judgment Tarter appeals.

The resolution passed by the Pulaski fiscal court au-
thorizing appellant to borrow the $50,000.00 for and on
behalf of the county reads as follows:

"Be it resolved by the fiscal court of Pulaski county,
that the judge of this court be authorized to borrow $50,-
000.00 for the liquidation of certain existing debts against
Pulaski county, due for road construction and improve-
ment; and that it be further resolved that he be author-
ized to obtain the said $50,000.00 on the best terms avail-
able, and at a rate of interest not to exceed 6%; that he
be authorized and empowered to sign the corporate name
of Pulaski county to notes for same, and that his signa-

ture be attached thereto by the clerk of this court with the corporate seal of said county; be it further resolved that in payment of said loan the said judge be authorized to pledge the faith and credit of the said county, together with all assets due said county from all sources; to secure payment of same, the said judge is empowered to pledge the amount due Pulaski county by the state highway commission, growing out of state contracts hitherto entered into; be it further resolved that in payment of same the original obligation growing out of claims to be paid is hereby also pledged, and that payees to notes are also abrogated to all the rights of claimholders; be it further resolved that a committee of three be appointed by this court to apply the proceeds of said loan to road claims now due against Pulaski county and that no claim shall be paid by the county treasurer unless endorsed by whole committee.''

It is charged in the petition that the total property valuation of Pulaski county subject to taxation for county purposes does not exceed ten million dollars, and that the gross sum which the county may realize from the greatest rate of taxation available is $50,000.00 per year, of which sum $25,000.00 per year is required for current expenses such as salaries of officers, etc., leaving only $25,000.00 available for sinking fund and all new improvements and obligations, and this is admitted on demurrer.

The petition further avers that the total floating indebtedness of Pulaski county, so far as ascertainable, at the time of the filing of this action was something more than $191,903.83 and that the county has a bonded indebtedness of more than $305,000.00. There was filed with and made a part of the petition an itemized statement of the above indebtedness, which recites, however, that the $191,903.83 does not include the entire amount of the county's floating indebtedness but necessarily omits several thousand dollars further indebtedness the amount of which the plaintiff was unable to ascertain. All these averments are admitted by the demurrer. The Constitution of this state, section 157, fixes a limit upon indebtedness which a county or other municipality may incur. It reads: ''No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted in any manner or for any purpose, to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the

voters thereof voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void.''

Just how the county of Pulaski became indebted in a sum in excess of $191,000.00 without submitting the question to the voters is not fully set forth, but it does appear that a part of this indebtedness has been carried over from year to year without being taken into consideration in subsequent years in estimating the indebtedness of the county and ascertaining the funds available for public improvements and the extinguishment of existing obligations. The county cannot, under section 157 of the Constitution, incur an indebtedness for any purpose in excess of the income and revenue provided for such year without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose. Indebtedness contracted in violation of this provision of the Constitution is declared to be void. We have held in several cases that where, through mistake or inadvertence in calculating the income and revenue of a county or municipality, an indebtedness was contracted slightly in excess of the actual revenue and income of the county, that same might be carried over to the succeeding year and considered as a part of the indebtedness of that year in estimating the needs and fixing the tax rate for that year. But in no case have we held that such overplus could be carried from year to year and allowed to accumulate and increase beyond the total revenue and income of the county for any year. McCracklin v. Nelson Co. Fiscal Court, 174 Ky. 308; Nelson Co. Fiscal Court v. McCracklin, 175 Ky. 199; Carman v. Hickman County, 185 Ky. 630. Whatever power a fiscal court may have to borrow money cannot be exercised for the purpose of paying debts illegaly contracted. It therefore appears from the averments of the petition, and is admitted by the demurrer, that much if not all of the floating indebtedness of the county of Pulaski, which is charged to be $191,903.83, is void under section 157 of the Constitution, declaring that without the consent of two-thirds of the voters of the county voting at an election held for that purpose, indebtedness contracted in violation of the provisions of the section shall be void. The purposes for which the $50,000.00 proposed to be borrowed by the fiscal court is to be used and applied are not made sufficiently definite and certain to enable us to say what particular

part of the indebtedness of the county will be extinguished by such funds if obtained through the loan according to the plan set forth in the fiscal court resolution, but it does sufficiently appear from the petition that it is proposed by the fiscal court to apply it to outstanding claims against the county contracted after a floating indebtedness of more than $191,000.00 has been incurred and that all such indebtedness must be held under section 157 of the Constitution to be void.   The county therefore through its fiscal court and county judge cannot contract a new indebtedness binding upon the county to take care of an old indebtedness void because contracted in excess of the constitutional limit.

For these reasons and for others that could be assigned the chancellor did not err in overruling the general demurrer to the petition and in perpetually enjoining the appellant from executing an obligation in the name of and binding upon the county for $50,000.00 to anyone and from borrowing such sum in the name of the county for any purpose.

Judgment affirmed.   The whole court sitting.