## Fiscal Court of Jackson County et al. v. Board of Education of Jackson County.

(Decided April 30, 1937.)

J. H. HUNDLEY, County Judge, for appellants.

A. T. W. MANNING and EDWARD R. HAYS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

The Board of Education of Jackson County, Ky., pursuant to the provisions of chapters 14 and 15, Acts of 1934, Extra Session of the General Assembly of Kentucky, now incorporated in and a part of sections 4421 (20) to 4421 (38), Carroll's Kentucky Statutes, 1936 Edition, passed a resolution proposing to convey to the Fiscal Court of Jackson County as a holding company a certain school building site for the purpose of having the fiscal court issue bonds secured by mortgage on said property to an amount not exceeding $7,000 bearing interest at the rate of 3 per cent. per annum, to finance the construction of a school building in the town of Mc-Kee, the county seat of Jackson county; that the bonds state upon their face that they do not constitute an indebtedness of Jackson county within the meaning of constitutional provisions or limitations (Const., secs. 157, 158), but that said property and the school building when erected be leased by the fiscal court to the said school district under lease contract "continuing from year to year," for a rental sufficient to pay the interest on the bonds and to provide a sinking fund sufficient to pay the principal of said bonds at maturity and to pay the reasonable costs and insurance thereon against loss or damage by fire, windstorm, or other calamity; that the fiscal court shall hold the property as a holding company and execute mortgage thereon to secure the payment of the bonds and interest until such time as the said bonds and interest thereon shall have been fully paid, when said fiscal court shall reconvey all said property to the said board of education.

The proposal of the board of education was accepted by the fiscal court, and subsequently a controversy arose, or a doubt existed in the minds of the members of the fiscal court, as to whether the proposed scheme was valid and it hesitated to carry out and consummate

the contract, whereupon the board of education filed its petition in equity in the Jackson circuit court against the fiscal court and the members thereof, asking for a declaration of rights with respect to the validity and right of the contracting parties to enter into and put into effect the proposed contract. The petition set out the resolution and facts substantially as indicated above, and J. H. Hundley, County Judge of Jackson County, as County Judge and a member of the fiscal court and as a taxpayer on behalf of himself and other taxpayers similarly situated, filed a general demurrer to the petition which was overruled, and the court entered judgment declaring the proposed scheme to be legitimate and directed the issuance of the bonds in accordance therewith. For a final determination of the rights of the parties, the fiscal court has brought this appeal.

This scheme or plan of various boards of education has been followed for a number of years, whereby school boards have financed the construction of new school buildings by conveying the property to a nonprofit holding corporation and leasing the building to the school district for a rental sufficient to retire the bonds. See Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S. W. 498; Rothchild v. Shelbyville Board of Education, 254 Ky. 467, 71 S. W. (2d) 1033; Bridges v. Scott County Board of Education, 235 Ky. 141, 29 S. W. (2d) 594; Emmons v. Board of Education of Lewis County, 260 Ky. 18, 83 S. W. (2d) 849.

The cases cited above were decided prior to the Acts of 1934, supra, authorizing boards of education to convey such property to counties to procure grants or loans from the Federal Public Works Administration (40 U. S. C. A. sec. 401 et seq. to finance the construction of school buildings. This act was construed and held valid by this court in the case of Franklin county et al. v. Franklin County Board of Education, 267 Ky. 554, 102 S. W. (2d) 1024, which case is precisely in point with the case at bar. In the case at bar copies of the resolutions of the proposed scheme are made a part of this record, and we find them to be in harmony with the Statutes and with previous decisions of this court approving the same or similar plans, except it appears in the resolution that the rental contract proposed to be entered into between the board of education and the county is "continuing from year to year." In view of

previous opinions of this court, it appears that the language quoted above would in effect create a debt on the part of the school board effective when the contract is entered into by the parties, and might be in excess of the revenue of the school board provided for the year in which the rental contract is to be entered into, and if so the contract would be invalid, although the amount is divided into installments payable in a series of years. Beard v. Hopkinsville, 95 Ky. 239, 24 S. W. 872, 23 L. R. A. 402, 44 Am. St. Rep. 222; Tarter v. Wesley, 200 Ky. 14, 252 S. W. 109; County Board of Education of Christian County v. Board of Trustees of Hopkinsville Public Schools, 154 Ky. 309, 157 S. W. 697; Flanders v. Board of Trustees of Little Rock Graded School, 170 Ky. 627, 186 S. W. 506. See, also, Davis v. Board of Education, 260 Ky. 294, 83 S. W. (2d) 34, wherein it was held that a plan whereby a school board leased from the city a school building for 30 years at an annual rental of $15,000 was held invalid as creating a debt in the amount of the whole 30 years' rental and being in excess of the revenue provided for the year in which the rental contract was to be entered into; but a plan whereby the school board leased the building for one year with annual privilege of renewals during 30-year period held valid as the debt was only for a year's rental, which was within the income of the board for each particular year.

In view of the authorities supra, the proposed lease contract involved in the present case should be changed to read, in substance, for one year with the privilege to renew annually. Under this form of contract the school board would not be presently bound for the entire period required for the rentals to liquidate the proposed indebtedness, but would be bound only for one year at a time as renewed.

With the correction made in the contract as we have indicated, it would be valid.

For the reason stated, the judgment is reversed and remanded for proceedings consistent with this opinion.