# Fiscal Court of Jackson County et al. v. Board of Education of Jackson County.

(Decided June 15, 1937.)

J. H. HUNDLEY, County Judge, for appellants.

A. T. W. MANNING and EDWARD R. HAYS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

This is the second appeal of this case. The facts of the case are set out in the former opinion, 268 Ky. 336, 104 S. W. (2d) 1103; 1105, and reference is made to that opinion for the facts.

The case was reversed on the former appeal upon the sole ground that the contract proposed to be entered into between the board of education and the fiscal court was to be "continuing from year to year," thereby making it binding upon the board of education to rent the property a number of years or time suffi-

cient for the rents to liquidate the proposed bonded indebtedness. In the former opinion, supra, we said:

"* * * the proposed lease contract involved * * * should be changed to read, in substance, for one year with the privilege to renew annually. Under this form of contract the school board would not be presently bound for the entire period required for the rentals to liquidate the proposed indebtedness, but would be bound only for one year at a time as renewed. With the correction made in the contract as we have indicated, it would be valid."

Upon a return of the case the resolutions and contract were changed so as to comply with our former opinion. As it now appears in the present appeal, the contract reads:

"This lease is to run for a period of one year from the date hereof with the privilege and option on the part of the said board of education to renew same upon same terms and at the end of each year for another annual rental period."

The case was again submitted to the circuit court after the contract was changed and made to read as quoted above, and the court held and adjudged the contract valid and that same constitutes a valid and legal obligation against the said property and the rents and income therefrom, and the holders of said bonds, upon any default of interest or principal, may proceed by appropriate action or foreclosure to the enforcement of the rights accruing to said bondholders under the mortgage executed on said property to secure the payment of the said bonds and interest thereon.

Appellant excepted to the judgment and for a final determination of the rights of the parties this appeal is prosecuted.

We find that the resolutions and contract, as they appear in this record, are strictly in accord with our former opinion and the authorities cited therein, and that the scheme or contract, entered into between the board of education and the Jackson county fiscal court, is a valid one; and likewise, the bonds issued in pursuance thereof constitute a valid lien and binding obligation upon the property mortgaged to secure them.

The judgment is affirmed.