## Bellamy v. Board of Education of Ohio County et al.

(Decided Sept. 25, 1934.)

448

BELL, ROBERTSON & BELL for appellant.

KIRK & BARTLETT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

O. K. Bellamy, a citizen and taxpayer of the town of Fordsville, Ohio county, brought this action against the board of education of Ohio county and others to enjoin the carrying into effect of an agreement and plan for financing a new schoolhouse. After overruling the demurrer to the answer, the demurrer to the petition was sustained, and the petition dismissed. Plaintiff appeals.

The admitted facts are: Many years ago Fordsville, an independent graded school district, acquired a school site and erected thereon a school building. By appropriate proceedings the Fordsville graded school district has been merged with, and become a part of, the Ohio county district, and all the property of the former has passed to the latter. The present schoolhouse on the site in question has become dilapidated and unsuitable for school purposes. For the purpose of erecting, equipping, and financing a new schoolhouse, the county board of education has entered into an agreement by which the property is to be conveyed to the Fordsville Educational Corporation and financed under a plan that has often been approved by this court. Reneer v. Centertown Educational Corporation, 253 Ky. 328, 69 S. W. (2d) 718; Gosney v. Butler Graded School, 219 Ky. 242, 292 S. W. 781; Whitworth v. Breckinridge County Board of Education, 225 Ky. 222, 7 S. W. (2d) 1070; Bridges v. Scott County Board of Education, 235 Ky. 141, 29 S. W. (2d) 594. Indeed, it is conceded that the plan is valid, provided the county board of education has the power to convey a good title to the Fordsville Educational Corporation; but it is claimed that that power no longer exists by reason of section 4399-19, section 4618-44, and section 4618-47, Kentucky Statutes, Baldwin's 1934 Supplement, reading as follows:

"4399-19. The titles to the property previously granted to such district by any party or owned and

held by it for common school purposes and the title to all school lands and other property of every kind owned by the district shall be vested in the Commonwealth of Kentucky for the benefit of the district board of education created by this act. In the acquisition of land for school purposes the title thereof shall be made in fee simple, except where land is obtained by condemnation proceedings, and the titles to land now held by boards of education shall be perfected at the earliest date possible. Any reversionary interest in any land now used for school purposes shall not deprive boards of education of buildings or other improvements thereon.''

''4618-44. There is hereby created a Department of Public Property which shall consist of the Governor, who shall be Chairman of the Department, the Auditor, the Treasurer, the Secretary of State, the Attorney General, a member of the State Highway Commission, a member of the Department of Public Welfare, the Superintendent of Parks, and the Commissioner of Purchases when designated and appointed by the Governor.''

''4618-47. The Department of Public Property, in addition to other duties imposed upon it as provided by law, shall have and exercise control over all property, real or personal, title to which is vested in the Commonwealth of Kentucky, and no property of any kind may be bought for the State by any Department, Board, Commission or Agency, unless said purchase shall have been first approved in writing by the Department of Public Property as provided by law.''

The argument is that, as the title to all school property is vested by section 4399-19, supra, in the commonwealth, and section 4618-47, supra, gives the Department of Public Property the control over all property, the title to which is vested in the commonwealth, that department, and not the county board of education, has the power to convey. If the statutes under consideration were all the statutes bearing on the subject, a more difficult question would be presented. That, however, is not the case. Section 4399-19, chapter 65, Acts 1934, containing a general revision of the school laws of Kentucky, is immediately preceded by section

4399-18, Kentucky Statutes, Baldwin's 1934 Supplement, Acts 1934, c. 65, p. 179, art. 5, sec. 13, providing that "each board of education shall be a body politic and corporate with perpetual succession and shall have power in its own name to sue and to be sued; to contract and to be contracted with; to purchase, receive, hold, and sell property." Immediately following section 4399-19, supra, is section 4399-20, Kentucky Statutes, Baldwin's 1934 Supplement, Acts 1934, c. 65, p. 197, art. 5, sec. 15, providing that "each board of education shall have general control and management of the public schools in its district," and further providing that "the board shall have control and management of all school funds and shall have under its control and management all public school property of its district and shall have the right to use such funds and property to promote public education in such ways as it may deem necessary and proper." By Section 4399-21, Kentucky Statutes, Baldwin's 1934 Supplement, Acts 1934, c. 65, p. 179, art. 5, sec. 16, each board of education is given "the power, when unable to contract with the owner of any real estate necessary to the proper accomplishment of the purpose for which such board is created, to institute condemnation proceedings in accordance with the law governing railroad corporations." By chapter 14, Acts 1934, Ex. Sess., p. 119 (Ky. St. Supp. 1934, Sections 4421-20 to 4421-23), county boards of education or independent school districts located outside of incorporated cities of the county are authorized to convey real estate for school sites to the county for the purpose of qualifying for financial assistance from the federal government. Where there are several apparently conflicting statutes covering the same subject, the courts will endeavor to harmonize them, if possible, and will not adopt a construction that will lead to absurd results. Manifestly, if it was intended that the Department of Public Property should exercise control over all school property located throughout the state, it would place upon that department a burden which it could not possibly meet, strip local boards of all powers necessary to the maintenance of the schools, and result in an anomalous and impracticable situation. We therefore conclude that, although the title to school property is technically vested in the commonwealth, the broad powers to control, buy, and sell, specifically given to county boards of education by the same act, coupled with the provisions of

chapter 14, Acts 1934, Ex. Sess. (Ky. St. Supp. 1934, Sections 4421-20 and 4421-23) conferring on county boards authority to convey real estate for school sites to the county for the purpose of qualifying for financial assistance from the federal government, evince a clear intention on the part of the Legislature to make county boards of education agencies of the state in the purchase, control, and sale of school property. It follows that the county board of education of Ohio county may convey to the Fordsville Educational Corporation a good title to the property in question, and that the agreement and plan for erecting, equipping, and financing a new schoolhouse on the site are valid. Therefore, the injunction was properly denied.

Judgment affirmed.

Whole court sitting.