## Speer v. Kentucky Children's Home et al.
May 5, 1939.

WOODWARD, DAWSON & HOBSON for appellant.

HUBERT MEREDITH, Attorney General, WILLIAM F. NEILL, Assistant Attorney General, and WILSON W. WYATT for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was brought by the plaintiff under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., as a taxpayer of Franklin County, Kentucky, for the purpose of testing the validity of certain acts and transactions of the Department of Welfare in connection with the property which formerly belonged to the Kentucky Children's Home Society.

The Kentucky Children's Home Society is a non-profit, non-stock charitable corporation with power to own, hold, sell and mortgage real and personal property, and has for some years operated the Kentucky Children's Home for neglected and dependent children located at Linden, Kentucky. It was supported by private contributions and by payments from the fiscal courts of various counties committing children to the Home and by a substantial appropriation each year by the State.

In recent years contributions from private individuals have decreased and the allotments by the State have necessarily increased. Many of the counties committing children to the home fail to pay for their upkeep and, due to the decrease in revenues, the State has been the main factor in financing the operation of the Home.

In 1936 the General Assembly, by the Reorganization Act, particularly Section 4618-101, Kentucky Statutes, provided that the Department of Welfare should exercise all administrative functions of the State, except

as otherwise provided in the Act, in relation to the control of penal and eleemosynary institutions; administration and supervision of all forms of public assistance; approval of the incorporation of charitable agencies; administration and supervision of all child welfare activities and the administration of all State functions theretofore vested in the Kentucky Children's Home Society.

Since the passage of this Act, the Commissioner of Welfare and other State officials have been in conference as to the Kentucky Children's Home being taken over and operated by the Department of Welfare, and the first plan contemplated was a conveyance of the property to the Department. This plan could not be carried into execution because there was a mortgage indebtedness of approximately $90,000 to $100,000 against the property which the State could not assume and which it did not have funds available to retire.

The present plan, which was approved by judgment of the lower court and which is now in question on this appeal is as follows: The Kentucky Children's Home Society has conveyed all of its property to the Commonwealth of Kentucky Children's Home Corporation, a non-profit, non-stock corporation which the Department of Welfare has caused to be organized. This latter corporation proposes to lease the property thus conveyed to it to the Department of Welfare at certain stated yearly rentals slightly in excess of $20,000, it being established by the evidence that the amount of the rentals is within the limitation of the budget allotted to the Child Welfare Division of the Department of Welfare. The lease is for a period of one year, but grants to the Department of Welfare an exclusive option to renew same each year for a period of one year for not exceeding five years. No indebtedness is assumed by the State and the only binding obligation on the Department of Welfare is for the payment of rental for one year. The corporation to which the property is conveyed is to issue $100,000 in 3 per cent. bonds, which are to be secured by mortgage deed of trust to be executed by the corporation to the Farmers' Bank and Capital Trust Company, trustee, the proceeds of which are to be used to pay off the indebtedness of the Kentucky Children's Home Society, the bonds to be retired by the annual rentals paid to the corporation by the Welfare Department. When the annual rentals paid in have re-

sulted in paying off the proposed bonds, the corporation is then to convey the property to the State free of lien. The usual provision for a refund of ad valorem and income taxes to the holders of the bonds in the event the bonds are held to be taxable is to be included in the mortgage deed of trust and the contract and lease.

All necessary steps have been taken to carry this proposed plan into execution, and, in addition thereto, the Kentucky Real Estate Board has approved the contract, lease and option between the Commonwealth of Kentucky Children's Home Corporation and the Department of Welfare.

The above recital of the proposed plan makes it obvious that it is in accord with a plan that has often been approved by this Court with reference to financing the building of schools by boards of education. Reneer v. Centertown Educational Corporation, 253 Ky. 328, 69 S. W. (2d) 718; Bellamy v. Board of Education of Ohio County, 255 Ky. 447, 74 S. W. (2d) 920. The same plan for the erection of a courthouse was approved in Sizemore v. Clay County et al., 268 Ky. 712, 105 S. W. (2d) 841, in which it was held that the county had power to convey the courthouse to a corporation organized for that purpose.

The Kentucky Children's Home Society is a private corporation with full power to sell and convey its property. Under the section of the Reorganization Act above mentioned, it is clearly within the power of the Department of Welfare to cause to be created the corporation known as the Commonwealth of Kentucky Children's Home Corporation, and it is within the discretion of the Department of Welfare under the Act to operate the Children's Home at Lyndon. The State assumes no indebtedness on the property and the Department of Welfare is only bound for the payment of one year's rental, which is well within the limitation of the budget alloted to the Child Welfare Division of the Department.

The legality of the provision relating to a refund by holders of the bonds has been settled by the decision in Scott County Board of Education v. McMillen, 270 Ky. 483, 109 S. W. (2d) 1201, in which it was held that the inclusion of this refund provision was within the board's discretion as to the plan of financing to be adopted.

We see nothing in the proposed plan violative of any constitutional or statutory provision or in contravention of the substantive law as declared in the decisions of this Court. On the contrary, the plan seems in thorough accord with previous decisions.

The judgment is affirmed.