# Hill v. City of Pineville.

January 12, 1951.

R. L. Maddox, Judge.

Cleon K. Calvert and James C. Helton for appellant.

Grant F. Knuckles, W. R. Lay, Lay, Hammond & Knuckles, and W. R. Knuckles for appellee.

CHIEF JUSTICE CAMMACK—Affirming.

This appeal involves the validity of a bond issue voted by the City of Pineville. The sole question is

whether or not the City is confronted with an emergency within the meaning of Section 158 of our Constitution.

Pineville is a city of the fourth class. Section 158 of the Constitution prohibits a city of that class from creating an indebtedness in excess of five per cent of the assessment of taxable property therein next before the last assessment previous to the incurring of the indebtedness, "unless in case of emergency, the public health or safety should so require." Admittedly, the proposed bond issue would exceed this authorized limit.

Pineville is situated in the upper reaches of the Cumberland River. Straight Creek empties into the River within the city limits. The River itself borders the City roughly on three sides, one portion of the City lying on the opposite side of the River from the City proper. The City is subjected to recurring floods, the last major one being in 1946. In that flood it was estimated that property damage was in excess of one million dollars. There is evidence that during these large floods over 50 per cent of the homes are submerged in whole or in part. During the floods the sewage disposal plant, the water system, and the streets are damaged. Silt, debris and raw sewage are left on the streets when the water recedes. There is testimony that these conditions create a serious health menace and tend to produce epidemics. There is danger of flash floods which threaten directly the lives of the citizens of Pineville. Within recent years the timber from the Cumberland watershed virtually has been depleted. As a result there is much erosion, causing the soil to drain to the river, thus filling its bed, which, in turn, materially affects the height of the flood waters. Several witnesses testified that since the depletion of the timber there has been a marked increase in the height and intensity of the floods.

Confronted by this situation, the City Council called for submission of the question to the voters as to whether or not they desired to encumber the City in the sum of $547,000 for use in the construction of a proposed flood wall. This question being answered in the affirmative, the bond issue was authorized by ordinance. This suit was filed by the City against Clarence Hill, a resident and taxpayer of Pineville, under the

provisions of the Civil Code, Section 639a—1, to test the validity of the proposed bond issue.

The Chancellor upheld the validity of the bond issue, declaring that an emergency existed within the meaning of Section 158 of the Constitution. He found that, due to the removal of the timber in the river watershed, the severity of the floods which inundate the City have been greatly increased; that this menace has become so great, an emergency exists; and that, unless this emergency is relieved by the establishment of a flood wall, the health and safety of the inhabitants of the City will be in constant danger. The appeal is from that ruling.

It is contended there is no emergency because, at the time the suit was filed, there was no flood and the occurrence of a flood in the future is only a possibility. We cannot agree with this view. To so hold would limit the definition of an emergency to a situation in which the citizens of the City actually would be involved in disastrous conditions, or actually in the throes of a flood. An impending disaster may be an emergency. Somewhere in the causation of factors leading to an event it may be said that, based on past experience, the occurrence of that event is a probability and not a mere possibility. It seems to us that the City of Pineville is faced with such a probability.

There can be no hard and fast definition of the word "emergency." This term is discussed elaborately in City of Marion v. Haynes, 157 Ky. 687, 164 S.W. 79, 84. In that case it was said: "And while we will not undertake to lay down a rule by which an emergency under section 158 of the Constitution is to be determined in every case, it is apparent that such an emergency is some sudden or unexpected occasion for action, some unforeseen occurrence, condition, or pressing necessity that requires immediate attention." See also Hurst v. City of Millersburg, 220 Ky. 108, 294 S.W. 788. We think the language used in the City of Marion case is pertinent here because there is a "pressing necessity that requires immediate attention."

The second contention of the appellant is that the situation in Pineville is no more an emergency than has existed for several years. In the City of Marion case

the Court noted the fact that the alleged emergency had existed for a number of years, but we do not have that situation here. The emergency in this case does not arise from the fact that Pineville has always been subjected to floods. The chancellor found that, due to the *change* in the flood situation caused by the depletion of the timber in the river watershed, there was an emergency. Army engineers testified that the City could expect a flood of much greater height than it had heretofore experienced.

It is our opinion that the City of Pineville is confronted with such an emergency as is contemplated by Section 158 of our Constitution.

Judgment affirmed.