**MAGOFFIN COUNTY et al. (Silas Carty, County Judge), Appellant,**

**v.**

**Sherman RIGSBY, Appellee.**

Court of Appeals of Kentucky.

June 21, 1957.

Combs & Combs, Prestonsburg, Arnett Mann, Salyersville, for appellants.

Earl R. Cooper, Salyersville, for appellee.

SIMS, Judge.

This appeal is prosecuted from the judgment of the Magoffin Circuit Court declaring that Magoffin County may not issue revenue bonds in the sum of $300,000 to build a court house and jail. A cross-appeal is prosecuted from so much of the judgment as held that the county could submit to the voters at the November 1957 general election the question of whether they are in favor of issuing bonds of the county in a sum not exceeding $300,000 to be paid by a special tax levy, the proceeds to be used in erecting a court house and jail.

The record shows the court house was totally destroyed by fire in February 1957, on which the county collected $35,000 insurance. Since the fire the officials of the county have conducted the functions of government from such temporary quarters as they have been able to obtain in the

county seat of Salyersville. The circuit court is held in the American Legion Hall, a one-story frame building, which is wholly inadequate for that purpose. There is no proper or safe place to store the circuit court records or the county records, nor has the county proper or adequate facilities to house its constitutional officers.

The county jail is badly dilapidated and is unfit for human habitation. It has been condemned both as a fire hazard and as a menace to health.

The fiscal court unanimously passed a resolution declaring an emergency exists as to the public safety and the health of the people of the county and directing the county court clerk to place on the ballot of the November 1957 general election a question submitting to the voters whether they favor a $300,000 bond issue to be used in building a court house and a jail to be paid by a special tax levy. A second resolution was unanimously passed by the fiscal court directing the county judge and the county attorney to institute legal proceedings to obtain court approval to issue $300,000 in revenue bonds to finance these buildings.

This declaratory judgment action was instituted under KRS 418.040 by appellee taxpayer, Sherman Rigsby, against the county judge and members of the fiscal court of Magoffin County challenging the county's right to submit to the voters the question of the special tax levy bonds and right to issue the revenue bonds and seeking a declaration of rights.

The answer of the fiscal court averred the facts set out above, pleaded an emergency existed and asked the court to declare it had the right to submit to the voters the question of the special tax levy bonds, or that it had the right to obtain court approval of revenue bonds, and to declare the fiscal court could proceed under a combination of the two resolutions and submit the tax levy bonds to the voters for part of the expense of the buildings and to meet the other part of such expense by revenue bonds.

As stated in the first paragraph of this opinion, the trial court approved the special levy bonds but denied the county the right to issue revenue bonds.

The assessed valuation of all property in Magoffin County is in round numbers 9 million dollars. It has outstanding voted road and bridge bonds in the amount of $66,000 and non-voted road and bridge bonds in the amount of $52,000. Section 157 of our Constitution prohibits a county from becoming "indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose." Section 158 prohibits a county from incurring indebtedness in any amount exceeding two per centum of the assessed valuation "unless in case of emergency, the public health or safety should so require." These two sections of our Constitution have been long construed together. Payne v. City of Covington, 276 Ky. 380, 123 S.W.2d 1045, 122 A.L.R. 321.

If it were not for § 158, the voters of the county could meet the requirements of § 157 by voting in favor of the $300,000 bond issue by a two-thirds majority. But under § 158 the amount of the bonds cannot exceed 2 per cent of the assessed valuation of the county "unless in case of emergency, the public health or safety should so require." As the assessed valuation of the county is only around 9 million dollars, 2 per cent of which is $180,000, it is patent that unless an emergency exists, these bonds in the amount of $300,000 cannot be legally voted, even without considering the present county indebtedness.

Thus we are confronted with the question of whether the loss of a court house constitutes an emergency within the meaning of § 158. In Fiscal Court of Franklin County v. Commonwealth, 139 Ky. 307, 117 S.W. 301, it was written that the mere need for a new court house, when the old one is repairable or useable, is not an emergency.

However, in Sizemore v. Clay County, 268 Ky. 712, 105 S.W.2d 841, it was said by way of dictum that a lack of a court house is an emergency. It was written in Samuels v. City of Clinton, 184 Ky. 97, 211 S.W. 567, that the discontinuance of a water works system in the town of Clinton constituted an emergency, yet it was held in City of Marion v. Haynes, 157 Ky. 687, 164 S.W. 79, 84, that the need for a new water works, where none had theretofore existed, did not constitute an emergency. It was written in the Haynes case that, "* * * it is apparent that such an emergency is some sudden or unexpected occasion for action, some unforeseen occurrence, condition, or pressing necessity that requires immediate attention. * * * they [the framers of the Constitution] evidently meant that an emergency was some pressing necessity out of the ordinary state of things, which could only be remedied by the use of unusual expedients."

It would be difficult to imagine a more dire calamity happening to a people than to be without a court house. The court house is the seat of all county government. In it are housed the sheriff, the county judge and the fiscal court, and the county court clerk in whose office all deeds and mortgages are recorded, likewise all wills after they have been probated in the county court. It is in this edifice that circuit court is held where important civil and criminal cases are tried.

The court house is the hub of the county government and is the place where justice is administered, and justice is the goal of civilized man. Without a court house and a jail, law and order cannot be enforced and chaos results. The Anglo-Saxon has long been known as a pioneer whose first act in a new country is to establish a stable form of government which rules through established courts of justice. These hardy men were likewise known for their religious fervor, yet in establishing a new county in this country they would erect a court house and a jail even before they built a church.

■ We have no difficulty in concluding that the destruction of the court house in Magoffin County created an emergency within the meaning of § 158. The jail is badly dilapidated and has been condemned as a health and fire menace and unfit for human habitation. Therefore, we agree with the learned trial judge that under the emergency existing the county has the right to submit to the voters the question of whether they favor bonds in the sum of $300,000 to be issued, when and if approved by two-thirds majority of the legal voters of the county, and paid within not more than forty years by a special tax levy as provided in § 159. In Hill v. City of Pineville, 314 Ky. 359, 235 S.W.2d 776, and Williams v. City of Barbourville, Ky., 246 S.W.2d 591, we held that the construction of a flood wall was an emergency under § 158.

■ The trial judge having reached the conclusion that the county has the legal right to submit to the voters the question of whether they favor special tax levy bonds in the sum of $300,000 with which to erect a court house and a jail, it was unnecessary for him at that time to pass upon the question of whether the county had the right to issue revenue bonds to finance these buildings, since that question was not fully developed by the county. The trial judge should have dismissed without prejudice that part of the petition seeking a declaration of rights relative to the revenue bonds, and is now directed so to do. See Board of Education of Fayette County v. Board of Education of Lexington Independent School Dist., Ky., 250 S.W.2d 1017, at page 1022.

Therefore, the judgment is reversed on the appeal and is affirmed on the cross-appeal.