**R. E. RODGERS, etc., Appellant,**

**v.**

**CRITTENDEN COUNTY et al., Appellees.**

Court of Appeals of Kentucky.

Aug. 18, 1960.

William C. Allen, Marion, for appellant.

Joseph R. Rubin, Louisville, B. M. Westberry, Marion, for appellees.

MONTGOMERY, Judge.

By this appeal, appellant, R. E. Rodgers, a taxpayer, questions the validity of a $175,-000 bond issue for the purpose of building a courthouse in Crittenden County. By cross-appeal, appellees, constituting the Fiscal Court of Crittenden County, question the limitation placed on the tax levy to retire the bonds. In the brief of appellees,

the Court is asked to approve the lower court's ruling concerning the validity of certain advertising. This question was decided in favor of appellees and is not raised by appellant; hence, it is not considered.

■ At an election held on November 3, 1959, the voters of Crittenden County voted 2,437 to 624 in favor of the bond issue in question. This vote was sufficient to meet the requirement of Kentucky Constitution Section 157. The election was held pursuant to the order and resolution of the fiscal court declaring an emergency to exist as to the public health and safety of the people of Crittenden County because of the lack of courthouse facilities.

The record shows that the existing courthouse is over seventy-five years of age and has steadily deteriorated since it was first condemned in 1919. Annual repairs have not altered this decline in condition. Expert witnesses testified to the inadequacies and pointed to the existence of several fire hazards which endangered certain irreplaceable records and the public health and safety of the people who frequented the building. It is unnecessary to detail the testimony describing the condition of the courthouse. It is sufficient to say that there is an abundance of testimony to sustain the findings of fact upon which the trial court based its conclusion that an emergency existed "as to the public health and safety of the people of Crittenden County, Kentucky, because of lack of adequate court house facilities * * * and said emergency has existed continuously * * * and continues to exist at the present time * * *." CR 52.01. Undoubtedly, the trial court's own observation served to bolster the conclusion reached. It further concluded that by reason of said emergency the fiscal court of Crittenden County was authorized under the provision of Kentucky Constitution Section 158 to exceed its debt limit under Kentucky Constitution Section 157 for the purpose of building a courthouse.

Appellant contends that the state of deterioration, disrepair, and dilapidation of the present courthouse is not such an emergency as is contemplated by Kentucky Constitution Section 158, relying on Fiscal Court of Franklin County v. Commonwealth, 139 Ky. 307, 117 S.W. 301; City of Marion v. Haynes, 157 Ky. 687, 164 S.W. 79; and Bradford v. Fiscal Court of Bracken County, 159 Ky. 544, 167 S.W. 937.

In the Franklin County case [139 Ky. 307, 117 S.W. 303], the courthouse was referred to as "the old bat roost" and it was intimated that the desire for a "new and more imposing building" may have been prompted by the erection of a new state capitol building. The Court held that the existing courthouse could be repaired and made useful for many years. The lower court in the instant case found that the Crittenden County courthouse had been condemned by the local grand jury as a fire hazard and dangerous as early as 1919 and that the building was beyond repair through no fault of the fiscal court.

The City of Marion case is also distinguishable from the present case, in that there the emergency sought to be shown was the need to construct a waterworks and sewer system where none had been. A reading of the Bracken County case discloses that while "emergency" under Kentucky Constitution Section 158 was discussed the indebtedness incurred was held invalid as being in violation of Kentucky Constitution Section 157. Thus, the Bracken County case is not in point.

■ In considering what is to be determined as constituting an emergency within the meaning of Kentucky Constitution Section 158, it must be recognized that an emergency may be something other than a sudden or unexpected circumstance or condition. As pointed out in Hill v. City of Pineville, 314 Ky. 359, 235 S.W.2d 776, 777, "There can be no hard and fast definition of the word 'emergency.'" That case accepted language from the City of Marion case which defined an emergency as a pressing necessity that requires immediate attention. This definition was approved in

Williams v. City of Barbourville, Ky., 246 S.W.2d 591. The failure to receive the immediate attention to which it may be entitled does not make the pressing necessity any less an emergency. The Pineville and Barbourville cases just mentioned were concerned with the erection of floodwalls to safeguard against conditions which developed over a period of time until they were deemed to be emergencies. In Magoffin County v. Rigsby, Ky., 303 S.W.2d 545, the combination of a circumstance, the burning of the courthouse, and a long prevailing condition, a jail condemned as a fire hazard and health menace, was held to be an emergency within the meaning of Kentucky Constitution Section 158. There is sufficient authority then to hold that the present condition of the Crittenden County courthouse constitutes an emergency of long standing within the constitutional meaning and to sustain the validity of the bond issue with which to remedy the situation.

■ The lower court held that "the tax levied to retire such bonds, pursuant to KRS 66.030, shall not exceed $.50 each $100.00 worth of taxable property." KRS 66.030 is a part of the chapter of the Kentucky Revised Statutes providing for the issuance of bonds by counties and other governmental units. It provides that the fiscal court shall levy annually an ad valorem tax sufficient to retire the bonds and interest. The tax levy is limited to fifty cents on each one hundred dollars worth of taxable property.

Appellees, by cross-appeal, contend that any such limitation on a bond issue to remedy an emergency is erroneous. They urge that such general obligation bonds of a county are to be secured by a pledge of whatever tax levy is necessary to amortize such bonds without limitation as to maximum rate or amount. It was held in the Barbourville case, Ky., 246 S.W.2d 591, that when, because of the existence of an emergency, a proposed bond issue was valid, notwithstanding that the indebtedness of the city would exceed constitutional limitation, it not only was proper but also it was the duty of the city to levy a tax in excess of the maximum rate specified by Kentucky Constitution Section 157. Kentucky Constitution Section 159. See cases cited in the Barbourville opinion. KRS 66.030 does not apply when it is necessary to exceed the debt limit. The limitation on the tax levy contained in the judgment is erroneous.

Judgment is affirmed on the appeal and reversed on the cross-appeal.